IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WILLIAMSON GUN AND
ARCHERY, LLC,
a West Virginia business,**

    **Plaintiff,**

**v.**                                                      2:23-cv-524

**ADAM ROGERS, Director of
Industry Operations, Louisville
Field Office, Bureau of Alcohol,
Tobacco, Firearms and Explosives,**

    **Defendant.**

## PETITION FOR JUDICIAL REVIEW

1. This is a petition for de novo judicial review of the revocation of a license as a dealer in firearms, other than destructive devices. This action is brought pursuant to 18 U.S.C. §923(f)(3).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as it arises under the laws of the United States of America.

3. Venue is proper in the Southern District of West Virginia, as petitioner's place of business is located in Williamson, Mingo County, West Virginia.

### PARTIES

4. Williamson Gun and Archery, LLC, (hereinafter Williamson Gun) is a retailer which sells firearms.

5. Adam Rogers (hereinafter Rogers) is the director of industry operations, Louisville Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter ATF).

## FACTS

6. On or about January 5, 2023, Rogers sent Williamson Gun a notice of revocation, notifying it that its federal firearms license as a dealer in firearms other than destructive devices was revoked.

7. Williamson Gun timely requested a hearing pursuant to 18 U.S.C. §923(f)(2).

8. A hearing was conducted on March 14, 2023.

9. On or about July 29, 2023, Williamson Gun received a Final Notice of Denial of Application or Revocation of Firearms License (hereinafter Final Notice from Rogers).

## COUNT I

10. Paragraphs 1-9 are incorporated herein by reference.

11. In the Final Notice, Rogers found that Williamson Gun willfully made a false statement or representation with respect to information required by the Gun Control Act in violation of 18 U.S.C. §922(m) a 27 C.F.R. §478.128( c).

12. Specifically, Rogers found, "On three occasions, Licensee falsely added the firearms to an ATF Form 4473 the customer had completed on a prior date instead of requiring the customer complete a form 4473 and either conduct a NICS check or document that the customer had a valid CCW permit exempting him from the NICS check requirement."

13. "Therefore, based upon the entirety of the administrative record, [Rogers found] this violation was willfully committed, that Licensee's explanation for this violation does not negate willfulness and that this violation is grounds for revocation."

14. 18 USC §922(m) states, "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder."

15. 27 CFR §478.128( c) states, "Any licensed manufacturer, licensed importer, licensed dealer, or licensed collector who knowingly makes any false statement or representation with respect to any information required by the provisions of the Act or this part to be kept in the records of a person licensed under the Act or this part shall be fined not more than $1,000 or imprisoned not more than 1 year, or both."

16. Accordingly, Williamson Gun submits that it did *not* violate 18 U.S.C. §922(m) and/or 27 C.F.R. §478.128( c) and further submits that Rogers's findings are erroneous regarding the alleged willful and knowing false entries.

## COUNT II

17. Paragraphs 1-9 are incorporated herein by reference.

18. Additionally, Rogers found, on three occasions, Williamson Gun willfully transferred a firearm to an unlicensed person without first contacting NICS and obtaining a unique identification number and/or waiting three days before allowing the transfer, in violation of 18 U.S.C. § 922(t) and 27 C.F.R. §478.102(a).

19. Specifically, Rogers found, "On three occasions, Licensee falsely added the firearms to an ATF Form 4473 the customer had completed on a prior date instead of requiring the customer to complete a 4473, and either conduct a NICS check or document that the customer had a valid CCW permit exempting him from the NICS check requirement."

20. "Therefore, based upon the entirety of the administrative record, [Rogers found] Licensee willfully committed this violation, that Licensee's explanation for this violation does not negate willfulness and is grounds for revocation."

21. 18 U.S.C. § 922(t) states, in pertinent part,

> (1) Beginning on the date that is 30 days after the Attorney General notifies licensees under section 103(d) of the Brady Handgun Violence Prevention Act that the national instant criminal background check system is established, a licensed importer, licensed manufacturer, or licensed dealer shall not transfer a firearm to any other person who is not licensed under this chapter, unless—
> (A) before the completion of the transfer, the licensee contacts the national instant criminal background check system established under section 103 of that Act;
> (B) (i) the system provides the licensee with a unique identification number; or (ii) subject to subparagraph (C), 3 business days (meaning a day on which State offices are open) have elapsed since the licensee contacted the system, and the system has not notified the licensee that the receipt of a firearm by such other person would violate subsection (g) or (n) of this section, or State, local, or Tribal law; ...
>
> **(3) Paragraph (1) shall not apply to a firearm transfer between a licensee and another person if—**
> **(A) (i) such other person has presented to the licensee a permit that— (I) allows such other person to possess or acquire a firearm; and (II) was issued not more than 5 years earlier by the State in which the transfer is to take place; and (ii) the law of the State provides that such a permit is to be issued only**

> **after an authorized government official has verified that the information available to such official does not indicate that possession of a firearm by such other person would be in violation of law;**

22. 27 C.F.R. §478.102(a) states,

> a. Background check. Except as provided in paragraph (d) of this section, a licensed importer, licensed manufacturer, or licensed dealer (the licensee) shall not sell, deliver, or transfer a firearm to any other person who is not licensed under this part unless the licensee meets the following requirements:
> 1. Before the completion of the transfer, the licensee has contacted NICS;
> 2. i. NICS informs the licensee that it has no information that receipt of the firearm by the transferee would be in violation of Federal or State law and provides the licensee with a unique identification number; or ii. Three business days (meaning days on which State offices are open) have elapsed from the date the licensee contacted NICS and NICS has not notified the licensee that receipt of the firearm by the transferee would be in violation of law; and
> 3. The licensee verifies the identity of the transferee by examining the identification document presented in accordance with the provisions of § 478.124( c).

23. However, 27 C.F.R. §478.102(d) provides an exception to the NICS check. Specifically, 27 C.F.R. §478.102(d) states:

> a. **The provisions of paragraph (a) of this section shall not apply if—**
> **1.The transferee has presented to the licensee a valid permit or license that—**
> **i.Allows the transferee to possess, acquire, or carry a firearm;**
> **ii.Was issued not more than 5 years earlier by the State in which the transfer is to take place; and**
> **iii.The law of the State provides that such a permit or license is to be issued only after an authorized government official has verified that the information available to such official does not indicate that possession of a firearm by the transferee would be in violation of Federal, State, or local law:** Provided, That on and after November 30, 1998, the information available to such official includes the NICS;

24. Accordingly, Williamson Gun submits that it did *not* violate 18 U.S.C. § 922(t) and/or 27 C.F.R. §478.102(a) and further submits that Rogers's findings are erroneous regarding the alleged willful transfer without contacting NICS as this contact was excepted by 18 U.S.C. § 922(t)(3) and 27 C.F.R. §478.102(d).

### COUNT III

25. Paragraphs 1-9 are incorporated herein by reference.

26. Rogers also found, on three occasions, Licensee willfully sold or otherwise disposed of a firearm to an unlicensed person without recording the transaction on a Firearms Transaction Record, ATF Form 4473, in violation of 18 U.S.C. §§ 922(b)(5); 923(g)(1)(A) and 27 C.F.R. §478.124(a).

27. Specifically, Rogers found, "On three occasions, Licensee had customers purchase firearms instead of requiring the customer to complete a new ATF Form 4473 and either conduct a NICS check or document that the customer had a valid CCW permit exempting him from the NICS check requirement. Licensee falsely added the firearms to an ATF Form 4473 the customer had completed on a prior date."

28. "Therefore, based upon the entirety of the administrative record, [Rogers found] this violation was willfully committed, that Licensee's explanation for this violation does not negate willfulness and is grounds for revocation."

29. 18 U.S.C. §§ 922(b)(5) states,

> (5) any firearm or armor-piercing ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity.

30. 18 U.S.C. §§ 923(g)(1)(A) states,

> (A) Each licensed importer, licensed manufacturer, and licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe. Such importers, manufacturers, and dealers shall not be required to submit to the Attorney General reports and information with respect to such records and the contents thereof, except as expressly required by this section. The Attorney General, when he has reasonable cause to believe a violation of this chapter has occurred and that evidence

> thereof may be found on such premises, may, **upon demonstrating such cause before a Federal magistrate judge and securing from such magistrate judge a warrant authorizing entry, enter during business hours the premises (including places of storage) of any licensed firearms importer, licensed manufacturer, licensed dealer, licensed collector, or any licensed importer or manufacturer of ammunition, for the purpose of inspecting or examining**—
> (i)any records or documents required to be kept by such licensed importer, licensed manufacturer, licensed dealer, or licensed collector under this chapter or rules or regulations under this chapter, and
> (ii)any firearms or ammunition kept or stored by such licensed importer, licensed manufacturer, licensed dealer, or licensed collector, at such premises.

31. 27 C.F.R. §478.124(a) states,

> a. A licensed importer, licensed manufacturer, or licensed dealer shall not sell or otherwise dispose, temporarily or permanently, of any firearm to any person, other than another licensee, unless the licensee records the transaction on a firearms transaction record, Form 4473: Provided, That a firearms transaction record, Form 4473, shall not be required to record the disposition made of a firearm delivered to a licensee for the sole purpose of repair or customizing when such firearm or a replacement firearm is returned to the person from whom received.

32. Accordingly, Williamson Gun submits that it did *not* violate 18 U.S.C. §§ 922(b)(5); 923(g)(1)(A) and/or 27 C.F.R. §478.124(a) and further submits that Rogers's findings are erroneous regarding the alleged willful recording; additionally, Williamson Gun submits that ATF's actions were conducted illegally, without first obtaining a warrant from a federal magistrate, in violation of 18 U.S.C. §§ 923(g)(1)(A).

## COUNT IV

33. Paragraphs 1-9 are incorporated herein by reference.

34. Rogers also found, on four occasions, Licensee willfully failed to timely and/or accurately report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person, in violation of 18 U.S.C. §923(g)(3)(A) and 27 C.F.R. § 478.126a.

35. Specifically, Rogers found, "On four occasions, Licensee sold two or more handguns during five consecutive business days without completing a required ATF Form 3310.4.

36. "Therefore, based upon the entirety of the administrative record, [Rogers found] this violation was willfully committed, that Licensee's explanation for this violation does not negate willfulness, and this violation is grounds for revocation.."

37. 18 U.S.C. §923(g)(3)(A) states,

    Each licensee shall prepare a report of multiple sales or other dispositions whenever the licensee sells or otherwise disposes of, at one time or during any five consecutive business days, two or more pistols, or revolvers, or any combination of pistols and revolvers totaling two or more, to an unlicensed person. The report shall be prepared on a form specified by the Attorney General and forwarded to the office specified thereon and to the department of State police or State law enforcement agency of the State or local law enforcement agency of the local jurisdiction in which the sale or other disposition took place, not later than the close of business on the day that the multiple sale or other disposition occurs.

38. 27 C.F.R. § 478.126a states,

    Each licensee shall prepare a report of multiple sales or other disposition whenever the licensee sells or otherwise disposes of, at one time or during any five consecutive business days, two or more pistols, or revolvers, or any combination of pistols and revolvers totaling two or more, to an unlicensed person: Provided, That a report need not be made where pistols or revolvers, or any combination thereof, are returned to the same person from whom they were received. The report shall be prepared on Form 3310.4, Report of Multiple Sale or Other Disposition of Pistols and Revolvers. Not later than the close of business on the day that the multiple sale or other disposition occurs, the licensee shall forward two copies of Form 3310.4 to the ATF office specified thereon and one copy to the State police or to the local law enforcement agency in which the sale or other disposition took place. Where the State or local law enforcement officials have notified the licensee that a particular official has been designated to receive Forms 3310.4, the licensee shall forward such forms to that designated official. The licensee shall retain one copy of Form 3310.4 and attach it to the firearms transaction record, Form 4473, executed upon delivery of the pistols or revolvers.

39. Accordingly, Williamson Gun submits that it did *not* violate 18 U.S.C. §923(g)(3)(A) and/or 27 C.F.R. § 478.126a and further submits that Rogers's findings are erroneous regarding the alleged willful accuracy and/or timely reporting.

## COUNT V

40. Paragraphs 1-9 are incorporated herein by reference.

41. Rogers also found, on nine occasions, Licensee willfully failed to timely and/or accurately record the disposition of firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125€.

42. Specifically, Rogers found, "On nine occasions, the Licensee failed to timely record the disposition of firearms."

43. "Therefore, based upon the entirety of the administrative record, [Rogers found] this violation was willfully committed, that Licensee's explanation for this violation does not negate willfulness and is grounds for revocation of the license."

44. 18 U.S.C. §§ 923(g)(1)(A) states,

> (A)Each licensed importer, licensed manufacturer, and licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe. Such importers, manufacturers, and dealers shall not be required to submit to the Attorney General reports and information with respect to such records and the contents thereof, except as expressly required by this section. The Attorney General, when he has reasonable cause to believe a violation of this chapter has occurred and that evidence thereof may be found on such premises, may, **upon demonstrating such cause before a Federal magistrate judge and securing from such magistrate judge a warrant authorizing entry, enter during business hours the premises (including places of storage) of any licensed firearms importer, licensed manufacturer, licensed dealer, licensed collector, or any licensed importer or manufacturer of ammunition, for the purpose of inspecting or examining**—
> (i)any records or documents required to be kept by such licensed importer, licensed manufacturer, licensed dealer, or licensed collector under this chapter or rules or regulations under this chapter, and
> (ii)any firearms or ammunition kept or stored by such licensed importer, licensed manufacturer, licensed dealer, or licensed collector, at such premises.

45. 27 C.F.R. § 478.125€ states,

> e. Except as provided in § 478.124a with respect to alternate records for the receipt and disposition of firearms by dealers, each licensed dealer shall enter into a record each receipt and disposition of firearms. In addition, before commencing or continuing a firearms business, each licensed dealer shall inventory the firearms possessed for such business and shall record same in the record required by this paragraph. The record required by this paragraph shall be maintained in bound form under the format prescribed below. The purchase or other acquisition of a firearm shall, except as provided in paragraph (g) of this section, be recorded not later than the close of the next business day following the date of such purchase or acquisition. The record shall show the date of receipt, the name and address or the name and license number of the person from whom received, the name of the manufacturer and importer (if any), the model, serial number, type, and the caliber or gauge of the firearm. The sale or other disposition of a firearm shall be recorded by the licensed dealer not later than 7 days following the date of such transaction. When such disposition is made to a nonlicensee, the firearms transaction record, Form 4473, obtained by the licensed dealer shall be retained, until the transaction is recorded, separate from the licensee's Form 4473 file and be readily available for inspection. When such disposition is made to a licensee, the commercial record of the transaction shall be retained, until the transaction is recorded, separate from other commercial documents maintained by the licensed dealer, and be readily available for inspection. The record shall show the date of the sale or other disposition of each firearm, the name and address of the person to whom the firearm is transferred, or the name and license number of the person to whom transferred if such person is a licensee, or the firearms transaction record, Form 4473, serial number if the licensed dealer transferring the firearm serially numbers the Forms 4473 and files them numerically. ...

46. Accordingly, Williamson Gun submits that it did *not* violate 18 U.S.C. § 923(g)(1)(A) and/or 27 C.F.R. § 478.125€ and further submits that Rogers's findings are erroneous regarding the alleged willful accuracy and/or timely recording; additionally, Williamson Gun submits that ATF's actions were conducted illegally, without first obtaining a warrant from a federal magistrate, in violation of 18 U.S.C. §§ 923(g)(1)(A).

## PRAYER

WHEREFORE, Williamson Gun prays that this Court:
1. Decide that Rogers erred and was *not* authorized to revoke Williamson Gun's license;
2. Order Rogers to withdraw the revocation;
3. Award such other relief, including costs and attorney's fees (pursuant to 18 U.S.C. § 924(d)(2)(B) and 28 U.S.C. § 2412;
4. Award temporary relief until the matter may be resolved; and
5. Award unto petitioner such other and further relief as the Court deems just and proper.

                    Respectfully submitted,
                    Williamson Gun and Archery, LLC,
                    By counsel

*/s/ Robert B Kuenzel*

Robert Kuenzel, State Bar No. 8972
Kuenzel Law, PLLC
36 Adams Street
P.O. Box 607
Chapmanville, WV 25508-0607
304.310.4263
304.310.4264 (facsimile)
rob@kuenzellaw.com