**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

|  |  |  |
|---|---|---|
| Williamson Gun and Archery, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:23-cv-524 |
| v. | ) | |
| | ) | |
| Adam P. Rogers | ) | |
| Director, Industry Operations, | ) | |
| Bureau of Alcohol, Tobacco, | ) | |
| Firearms and Explosives, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**ANSWER AND RESPONSE OF DEFENDANT ADAM P. ROGERS, DIRECTOR, INDUSTRY OPERATIONS, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES TO PLAINTIFF'S PETITION FOR JUDICIAL REVIEW**

Comes now the United States of America, by counsel, on behalf of Defendant Adam P. Rogers, Director, Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), by and through William S. Thompson, United States Attorney for the Southern District of West Virginia, hereby answers and responds to Plaintiff's Petition For Judicial Review as follows:

**RESPONSES TO THE NUMBERED PARAGRAPHS OF
THE PETITION FOR JUDICIAL REVIEW**

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 3.

4. Defendant admits that Plaintiff was a retailer that sold firearms but denies to the extent that paragraph 4 suggests that Plaintiff is still authorized to sell firearms.

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Defendant lacks sufficient information as to the date Plaintiff received a final notice of revocation to admit or deny, denies that Plaintiff received a document entitled "Final Notice of Denial of Application or Revocation of Firearms License," but admits that Defendant issued a notice to Plaintiff entitled "Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License" on July 25, 2023.

10. Defendant incorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

11. Paragraph 11 is admitted.

12. Defendant admits Paragraph 12 to the extent that the paragraph is a characterization of a finding made by Defendant in its final notice to Plaintiff but denies to the extent that the quoted material in Paragraph 12 omits a footnote and differs typographically from the original text.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Paragraph 15 is admitted.

16. Paragraph 16 is denied.

17. Defendant incorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. Defendant admits that the quoted material in Paragraph 21 appears in the text of 18 U.S.C. § 922(t), with typographic changes, but denies to the extent Plaintiff characterizes the quoted text as the sole "pertinent" portion of the text.

22. Defendant admits that the quoted material in Paragraph 22 appears in the text of 27 C.F.R. § 478.102(a), with typographic changes, but denies to the extent that Plaintiff characterizes the quoted text as the entirety of the regulation.

23. Defendant admits that the quoted material in Paragraph 23 appears in the text of 27 C.F.R. § 478.102(d), with typographic changes, but denies to the extent that Plaintiff characterizes the quoted text as the entirety of the regulation.

24. Paragraph 24 is denied.

25. Defendant incorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

26. Paragraph 26 is admitted.

27. Paragraph 27 is admitted.

28. Paragraph 28 is admitted.

29. Paragraph 29 is admitted.

30. Defendant admits that the quoted material in Paragraph 30 appears in the text of 18 U.S.C. § 923(g)(1)(A), with typographic changes.

31. Defendant admits that the quoted material in Paragraph 31 appears in the text of 27 C.F.R. § 478.124(a), with typographic changes.

32. Paragraph 32 is denied.

33. Defendant incorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

34. Paragraph 34 is admitted.

35. Paragraph 35 is admitted.

36. Paragraph 36 is admitted, as the quoted material appears in the Final Notice, with typographic changes.

37. Defendant admits that the quoted material appears in 18 U.S.C. § 923(g)(3)(A), with typographic changes.

38. Defendant admits that the quoted material appears in 27 C.F.R. § 478.126a, with typographic changes, but denies that the quoted material is the entirety of the regulation.

39. Paragraph 39 is denied.

40. Defendant incorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

41. Paragraph 41 is admitted, allowing for the scrivener's error of identifying 27 C.F.R. § 478.125(e) as 27 C.F.R. § 478.125(€) in the Final Notice.

42. Paragraph 42 is admitted.

43. Paragraph 43 is admitted.

44. Defendant admits that the quoted material appears in the text of 18 U.S.C. § 923(g)(1)(A), with typographic changes.

45. Reading 27 C.F.R. § 478.125€ as a scrivener's error intending to reference 27 C.F.R. § 478.125(e), Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Defendant denies that Plaintiff is entitled to any form of relief as specified in Plaintiff's prayer, including attorney's fees, and denies that Defendant erred in any way or that Defendant was not authorized to revoke Plaintiff's license.

48. For further response to the Complaint, Defendant avers that any and all allegations, averments, and/or statements not expressly admitted, denied, or explained herein, including any other prayers for relief, are hereby expressly denied.

## DEFENSES

Now, having fully answered, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant pleads the following affirmative and other defenses in this action:

1. Defendant avers that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure and applicable federal law.

2. Defendant avers that Plaintiff's exclusive remedy is under the judicial review provisions of the Gun Control Act of 1968, 18 U.S.C. § 923(f)(3).

3. Defendant avers that the Court's review of ATF's revocation of Plaintiff's Federal firearms license is limited to whether ATF's revocation was authorized pursuant to 18 U.S.C. § 923(f)(3).

4. Defendant avers that the decision to revoke Plaintiff's license was supported by substantial evidence.

5. To the extent Plaintiff's Complaint seeks relief not allowed under existing law, its claims are barred, in whole or in part, by the sovereign immunity doctrine, which is jurisdictional in nature.

6. Defendant avers that ATF was not required to obtain a warrant to conduct a routine inspection of Plaintiff's records and inventory pursuant to 18 U.S.C. § 983(g)(1)(B)(ii) and 27 C.F.R. § 478.23(b)(2).

7. Defendant reserves the right to amend this Answer with additional defenses and/or affirmative defenses of which it may become aware as the proceedings progress.

WHEREFORE, Defendant respectfully requests that Plaintiff take nothing by way of the Complaint, that the Court review this matter under 18 U.S.C. § 923(f), affirm ATF's decision to revoke Plaintiff's Federal firearms license, dismiss the Complaint, award Defendant costs, and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**WILLIAM S. THOMPSON**
**United States Attorney**

**s/Fred B. Westfall, Jr.**
Fred B. Westfall, Jr. (W.Va. Bar No. 3992)
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV 25301
T: 304-345-2200
F: 304-347-5443
Email: fred.westfall@usdoj.gov
*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I, FRED B. WESTFALL, JR., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on September 29, 2023, I electronically filed the foregoing **ANSWER AND RESPONSE OF DEFENDANT ADAM P. ROGERS, DIRECTOR, INDUSTRY OPERATIONS, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES TO PLAINTIFF'S PETITION FOR JUDICIAL REVIEW** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participant:

Robert B. Kuenzel
Kuenzel Law, PLLC
36 Adams Street
P. O. Box 607
Chapmanville, WV 25508-0607
*Counsel for Plaintiff*

<u>**s/Fred B. Westfall, Jr.**</u>
Fred B. Westfall, Jr. (W.Va. Bar No. 3992)
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV 25301
T: 304-345-2200
F: 304-347-5443
Email: fred.westfall@usdoj.gov
*Counsel for the Defendant*