IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAMSON GUN AND
ARCHERY, LLC,
a West Virginia business,

      Plaintiff,

v.                                 Civil Action No.: 2:23-cv-524

ADAM ROGERS, Director of
Industry Operations, Louisville
Field Office, Bureau of Alcohol,
Tobacco, Firearms and Explosives,

      Defendant.

## AFFIDAVIT

STATE OF WEST VIRGINIA,
COUNTY OF LOGAN, TO-WIT

    I, Billy Sipple, Jr., after having been first duly sworn, depose and say as follows:

1.     That I am the manager of Williamson Gun and Archery, LLC, in Williamson, Mingo County, West Virginia.

2.     Additionally, I am a responsible person on the Federal firearms license previously held by Williamson Gun and Archery, LLC, prior to its revocation.

3.     That, prior to revocation of the Federal firearms license, I oversaw the sale of firearms and ensured compliance with Federal firearms regulations.

4.     That, following an inspection in 2010, our store underwent a warning conference as a result of noted violations for Federal firearms laws.

5.     Then, in 2018, the store received a warning letter following an inspection that noted certain violations (the warning letter is a lesser sanction than the warning conference); therefore, I assert that our store's operations seemingly were improving.

6.     Regarding acquisitions and dispositions, our store currently has 14 A&D books on hand.

7.     That from the last inspection in 2018, until the current date, these books total 7 A&D books.



8. That four A&D books encompassed the time frame April, 2021, through April, 2022.

9. That from our last inspection in 2018, until the most recent inspection in 2022, Williamson Gun had 5,775 acquisitions of firearms and 4,718 dispositions of firearms.

10. That from April, 2021, through April, 2022, the initial basis of the inspection, the store had 1,267 acquisitions of firearms.

11. That the ATF noted 9 errors in the store's acquisition and disposition (A&D) record books which is less than 1% error rate for either 2018-2022 or 2021-2022.

12. That despite these 9 errors in recording, all of the guns that were the subject of the A&D errors ultimately were located – NO guns were not accounted for.

13. Additionally, as I testified in the administrative hearing, the store was the subject of a fire in 2020.

14. During the fire, the firearms were relocated to my home and I immediately contacted ATF in order to remain in compliance with all rules and regulations .

15. After the fie, an inspection was conducted and zero firearms were lost or misplaced, between the transfer from the store to my home.

16. During this time, I cooperated with ATF to ensure continued compliance despite the extraordinary circumstances the store found itself in.

17. In ATF's inspection that resulted in the revocation of the FFL, the ATF found NO violations of our store selling to a prohibited person, a serious violation of ATF's rules and Federal law.

18. In ATF's inspection that resulted in the revocation of the FFL, the ATF found NO violations of any straw purchases, a serious violation of ATF's rules and Federal law.

19. That Williamson Gun operates professionally and its operations in selling firearms poses no threat to public safety as it attempts to operate in a lawful manner as detailed herein.

20. That, as a responsible person, I was displeased with the violations as a result of my brother, Josh's actions and the actions of Amber Stone.

21. Though I believe that a new form 4473 should be completed for multiple day sales, I also see how an employee could be confused when completing these forms.

22. Specifically, this belief resulted from ATF Order 5370.1E, dated January 28, 2020, and titled Federal Firearms, Administrative Action Policy and Procedures.

23. In the above order, in the section titled Warning Letter, No.3, the policy states, (3) Failure by the FFL to obtain complete and accurate information for any item(s) on Forms 4473, question 21, or failure to ensure that the buyer signs and dates the Form 4473 **(to include failing to have the buyer rectify their answers if the transfer takes place on a different date than the original signature)** on 5 percent or more of the Forms 4473 examined, except when any purchaser is prohibited.

24. So, a plain reading of this Order seems to indicate that one could purchase firearms on subsequent dates and be added to the initial form as long as the seller re-certifies the information in the originally completed form 4473 and as long as it does not occur on more than 5% of the forms examined.

25. In our case, these violations accounted for less than 1% of the total of firearms sold between the last ATF inspection and this inspection and between April 1, 2021, and April 1, 2022.

26. Additionally, in a letter dated May 19, 2010, a follow-up letter to the warning conference that was held on May 18, 2010, I advised the ATF that I "did not know that corrections could be made to the ATF Forms 4473 once they were executed." In response, the ATF advised, "After being advised of procedures for correcting the Forms,..." *See,* letter dated May 19, 2010, "Violation #1," CM/ECF 6-1 Filed 09/29/23 Page 96 of 211 PageID #: 124.

27. So, it seems as AFT allows corrections and additions to be made to its forms as long as the information is re-certified by the purchaser and as long as these corrective actions do not occur on more than 5% of the forms examined.

28. Despite my brother and Amber Stone adding the firearms to the original form 4473 in good faith, I submitted a corrective action plan to ATF in an attempt to mitigate the violations, remain in compliance, and retain the store's FFL. *See,* CM/ECF 6-1 Filed 09/29/23 Page 108 of 211 PageID #: 136.

29. That the corrective action plan would require: 1) additional oversight of 4473 forms by management; 2) immediate logging of the firearm in the A&D book; 3) creation of daily forms to be reviewed by management and compared to the A&D log book; 4) creation of a weekly folder to review multiple firearm sales; 5) creation of a monthly folder to be reviewed monthly to ensure no errors were incurred in the daily and weekly forms; and 6) immediate recording in the A&D book of received firearms.

30. That I believe these changes would ensure compliance with FFL regulations and would also be in line with the policy as set forth in ATF Order 5370.1E, dated January 28, 2020, #7 Policy.

31. Further, as it relates to 7(e), Revocation, contained in ATF Order 5370.1E, dated January 28, 2020, I submit that Williamson Gun did *not* fall within the revocation criteria based upon the low percentage of errors in the A&D book; based upon the purchasers being licensed CCW permit holders who were exempt from NICS checks; based upon the respective employees' belief that firearms could be added to the form if it was reestablished that the purchaser was a CCW permit holder; and based upon the lack of deception and no bad purpose on behalf of the respective employees regarding the editing of the respective 4473 forms.

_____
Billy Sipple, Jr.

Taken, subscribed and sworn to before the undersigned Notary on this the 22nd day of December, 2023.

My commission expires: _Sept. 20, 2025_.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Jillian Pancake
608 Easy Street
Bridgeport, WV 26330
My Commission Expires September 20, 2025

Prepared and presented by:

*/s/ Robert B Kuenzel*
Robert B Kuenzel, WV State Bar No. 8972
Kuenzel Law, PLLC
P.O. Box 607
36 Adams Street
Chapmanville, WV 25508-0607
304.310.4263
304.310.4264 - facsimile
rob@kuenzellaw.com