IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAMSON GUN AND ARCHERY, LLC,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:23-cv-00524

ADAM ROGERS,

        Defendant.

MEMORANDUM OPINION AND ORDER

In this case, Petitioner Williamson Gun and Archery, LLC ("Williamson Gun") seeks de novo judicial review, pursuant to 18 U.S.C. § 923(f)(3), of the revocation of its license as a federal firearms dealer. [ECF No. 1, ¶ 1]. Pending before the court are cross-motions for summary judgment, one filed by Williamson Gun, [ECF No. 11], and the other by Respondent Adam Rogers, Director of Industry Operations, Louisville Field Office, of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), [ECF No. 13]. Williamson Gun filed a reply, [ECF No. 15], and Mr. Rogers filed a surreply, [ECF No. 16]. The matter is ripe for review.

I.    Background

Williamson Gun is a retailer that sells firearms in Williamson, Mingo County, West Virginia. [ECF No. 1, ¶¶ 3–4]. Following a 2022 inspection, Mr. Rogers, as the ATF's Director of Industry Operations for the Louisville Field Office, issued a Notice

to Revoke Williamson Gun's Federal Firearms License ("FFL") on January 5, 2023. [ECF No. 6-1, at 5–9]. Pursuant to 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.74, Williamson Gun requested a hearing regarding the notice of revocation, which was held on March 14, 2023. [ECF No. 1, ¶¶ 7–8]. On July 29, 2023, Mr. Rogers sent a Final Notice of Revocation of Firearms License to Williamson Gun. *Id.* ¶ 9; [ECF No. 6-1, at 201–11]. Mr. Rogers found that Williamson Gun had committed five different violations of the Gun Control Act ("GCA") and/or the Code of Federal Regulations: (1) "[o]n three occasions, [Williamson Gun] willfully made a false statement or representation with respect to information required by the GCA, in violation of 18 U.S.C. § 922(m) and 28 C.F.R. § 478.128(c)," [ECF No. 6-1, at 204]; (2) "[o]n three occasions, [Williamson Gun] willfully transferred a firearm to an unlicensed person without first contacting [The National Instant Criminal Background Check System ("NICS")] and obtaining a unique identification number and/or waiting three days before allowing the transfer, in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102(a)," *id.* at 205; (3) "[o]n three occasions, [Williamson Gun] willfully sold or otherwise disposed of a firearm to an unlicensed person without recording the transaction on a Firearms Transaction Record, ATF Form 4473,[1] in violation of 18 U.S.C. § 922(b)(5); 923(g)(1)(A) and 27 C.F.R. § 478.124(a)," *id.* at 206; (4) "[o]n four occasions, [Williamson Gun] willfully failed to timely and/or accurately report the sale or other disposition of two or more pistols and/or revolvers during any five

---

[1] ATF Form 4473 is a required record that licensees must keep in order to "verify that all-over-counter transactions involve qualified purchasers." *Armalite, Inc. v. Lambert*, 544 F.3d 644, 645 (6th Cir. 2008).

consecutive business days to an unlicensed person, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a," *id.* at 206–07; and (5) "[o]n nine occasions, Williamson Gun willfully failed to timely and/or accurately record the disposition of firearms, in violation 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e)," *id.*

The first three violations are all related to the same conduct: an employee falsely added firearms to an ATF Form 4473 that a "customer had completed on a prior date instead of requiring the customer complete a [new] Form 4473 and either conduct a NICS check or document that the customer had a valid [concealed carry weapons ("CCW")] permit exempting him from the NICS check requirement." *Id.* at 204. The fourth violation occurred when Williamson Gun sold two or more handguns to one individual during a five-day period without completing the required ATF Form 3310.4. *Id.* at 207. Finally, the fifth violation relates to nine errors the ATF discovered in Williamson Gun's acquisition and disposition record books. *Id.* These guns were ultimately located and accounted for. *Id.* Williamson Gun admitted to each of these violations at the revocation hearing but maintained that the violations were not willful.

But this is not the ATF's first inspection of Williamson Gun. The ATF completed its first inspection in 2007, which resulted in the ATF issuing a warning letter to Williamson Gun.[2] [ECF No. 12, at 3]. Williamson Gun was next inspected in

---

[2] A warning letter is a letter sent to a federal firearms licensee when the "violations [are] extreme enough to issue something more than a report of violations." [ECF No. 6-1, at 139]. By contrast, a warning conference is a more serious sanction than a warning letter. In a warning conference, the ATF calls the licensee into its office to discuss the violations and what is required of the licensee in order to keep their FFL, and lets the licensee explain "how they're going to rectify the situation." *Id.* at 140. It

2010 and was issued a more serious sanction—a warning conference—for its violations of the GCA. *Id.* In 2018, Williamson Gun was inspected for a third time. *Id.* at 3–4. At that time, the ATF once again found Williamson Gun to be in violation of the GCA and issued another warning letter. *Id.* On each of these occasions, Williamson Gun was "educated about the requirement[s]" of the GCA, including those which now form the basis of the instant revocation. [ECF No. 6-1, at 205]. After each inspection, Williamson Gun "was warned in writing that future violations which were considered willful could result in the revocation of its license." *Id.* at 207; *see also id.* at 97 (informing Williamson Gun after the 2010 warning conference that "future violations, repeat or otherwise, could be viewed as willful and may result in the revocation of your license").

Due in part to Williamson Gun's past conduct in 2007, 2010, and 2018, Mr. Rogers found that each of the five violations during the 2022 inspection were willful. *Id.* at 209–10. He therefore ordered that Williamson Gun's FFL be revoked pursuant to 18 U.S.C. § 923(e) and 27 C.F.R. § 478.73. *Id.* at 210. Pursuant to 18 U.S.C. § 923(f)(3), Williamson Gun timely filed a petition for judicial review of the revocation of its FFL, arguing that its violations were not willful under the GCA. *See* [ECF No. 1, at 1]. Both parties now move for summary judgment.[3]

---

is possible to have violations that do not result in either a warning letter or warning conference. *Id.*
[3] Williamson Gun alternatively asks the court to conduct an evidentiary hearing including oral argument. [ECF No. 12, at 25]. The court does not find oral argument to be necessary in this case because the administrative record and affidavits are clear and do not create a dispute of material fact. *See Gladden v. Bangs*, No. 2:11cv378, 2012 WL 604027, at *3 (E.D. Va. Feb. 23, 2012) ("The reviewing court can grant summary judgment without conducting an evidentiary hearing if no genuine disputes of material fact exist.").

## II. Legal Standard

The GCA provides that no person shall engage in the business of dealing in firearms without first obtaining a license to do so from the Attorney General. *See* 18 U.S.C. § 923(a). The Attorney General has delegated licensing authority to the Director of the ATF. 28 C.F.R. § 0.130(a)(1) (2015); *see Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 n.5 (4th. Cir. 2009). In order to receive and maintain an FFL, there must be "strict compliance" with the GCA. *See RSM, Inc. v. Herbert*, 466 F.3d 316, 323–24 (4th Cir. 2006) (explaining how the ATF's responsibility under the GCA is to meaningfully and directly serve the public safety). The GCA requires firearms licensees to maintain records in a manner prescribed by the Attorney General, and a "[f]ailure to properly maintain these records is a violation of federal law." *Am. Arms Int'l*, 563 F.3d at 79 n.1.

"The Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provisions of [the GCA] or any rule or regulation prescribed by the Attorney General under [the GCA]." 18 U.S.C. § 923(e); *see also* 27 C.F.R. § 478.73(a) (2022) (stating that an ATF Director who "has reason to believe that a licensee has willfully violated any provision of the [GCA]" may issue a notice of revocation of the license). A party whose FFL is revoked may file a petition in the appropriate United States district court for a de novo judicial review of the revocation. 18 U.S.C. § 923(f)(3).

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter

5

of law. Fed. R. Civ. P. 56(c). A federal court, in reviewing an FFL revocation, "may grant summary judgment if no genuine issue of material fact exists about whether the licensee willfully violated an applicable statutory or regulatory provision." *Am. Arms Int'l*, 563 F.3d at 82 (internal markings omitted) (quoting *Armalite, Inc. v. Lambert*, 544 F.3d 644, 647 (6th Cir. 2008)). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ'g Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A reviewing court may consider any evidence submitted by the parties, regardless of whether the evidence was presented at the administrative hearing. *See Best Loan Co. v. Herbert*, 601 F. Supp. 2d 749, 753 (E.D. Va. 2009) (citing 18 U.S.C. § 923(f)). In reviewing an agency action, the administrative record "enjoys a presumption of verity." *Mew Sporting Goods, LLC v. Johansen*, 992 F. Supp. 2d 665, 677 (N.D. W. Va. 2014) (quoting *Am. Arms Int'l*, 563 F.3d at 86 n.12).

### III. Analysis

Williamson Gun does not dispute the factual basis of the allegations, but rather it argues that it did not *willfully* violate the statute or any relevant regulations, and thus, its FFL was improperly revoked. In support of this argument, Williamson Gun repeatedly asserts that for an action to be "willful" under the statute, it must have been done "for a bad purpose." [ECF No. 12, at 7, 9]; *see* [ECF No. 15, at 2 (stating that Williamson Gun "stands by its position that for a willful violation to occur under

6

the GCA, the willful violation must be for a bad purpose as GCA contains both civil and criminal sanctions")].

But this belief is mistaken. In noting that it had stated the willful standard differently in two different cases,[4] the Fourth Circuit has clarified at length the meaning of willful within the context of FFL revocation. *See Am. Arms Int'l*, 563 F.3d at 82–87. In *American Arms International v. Herbert*, the Fourth Circuit explained that the standard for willfulness "does not demand perfection from licensees." *Id.* at 87. Instead, to act willfully, one must act with a "plain indifference, deliberate disregard, reckless disregard, or a conscious, intentional, deliberate and voluntary action." *Id.* (internal marks omitted) (noting that the actual term used "is of little consequence"). Importantly, however, it is not necessary to establish malice or improper motive. *Id.* at 83 (citing *Prino v. Simon*, 606 F.2d 449, 451 (4th Cir. 1979) ("No showing of malicious intent is necessary.")); *see also Knobley Farm Inc. v. Bangs*, No. 3:09-CV-79, 2010 WL 11636500, at *4 (N.D. W. Va. Oct. 19, 2010) ("Willfulness does not require a showing of bad purpose or evil motive."). It is enough to show that a licensee acted with "deliberate disregard of, or plain indifference toward known legal obligations." *Id.* (internal marking omitted).

---

[4] In *Prino v. Simon*, the Fourth Circuit stated the willfulness standard as "action taken knowledgeably by one subject to the statutory provisions in disregard of the action's legality. No showing of malicious intent is necessary." 606 F.2d 449, 451 (4th Cir. 1979) (per curiam). In *RSM, Inc. v. Herbert*, the Fourth Circuit stated that courts must determine "whether the acts were committed in deliberate disregard of, or with plain indifference toward, either known legal obligations or the general unlawfulness of the actions." 466 F.3d 315, 321–22. The court noted, however, that these decisions neither conflict with each other nor with the Supreme Court's decision in *Safeco Ins. Co. of Am. v. Burr*, wherein the Court stated that "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." 551 U.S. 47, 57 (2007).

The willfulness standard "leaves room for the occasional incident of human error." *Am. Arms Int'l*, 563 F.3d at 87. Inadvertent errors are not always willful "even when the legal requirement to complete the forms was known." *RSM, Inc.*, 466 F.3d at 322. However, "*at some point*, when such errors continue or even increase in the face of repeated warnings" courts may "infer as a matter of law" that the licensee was plainly indifferent to the legal requirements and the violation was willful. *Id.* (emphasis in original). It is not necessary for the court to sustain every violation, but rather "a single, uncontested violation suffices to uphold the ATF's revocation decision." *Am. Arms Int'l*, 563 F.3d at 86.

The record shows that Williamson Gun acted with plain indifference to and deliberate disregard for the GCA's regulations. On three occasions, Williamson Gun sold firearms without first conducting a background check or requiring the party to complete a new ATF Form 4473, and this conduct resulted the first three violations: (1) falsified statements in records; (2) background check violations; and (3) ATF Form 4473 violations. Specifically, Williamson Gun sold firearms to three different repeat customers without requiring them to fill out a new ATF Form 4473 and instead added their new purchases to old forms that had been previously filled out. Williamson Gun admitted these violations, *see* [ECF No. 12, at 17], but argues that such violations were not willful because the three individuals all had CCW permits, which would exempt them from the background check requirement. [ECF No. 12, at 7]. As such, Williamson Gun believed "that a firearm could be added to a previously completed

4473 Form as long as the purchaser recertified the information contained" therein and asserts that the violation was not willful.

This argument misses the mark. Regardless of permit status, every individual must complete a Form 4473 when purchasing a firearm, and the licensee must then either complete an NICS check or document that the customer has a valid CCW permit. *See* 27 C.F.R. 478.124(a) ("A . . . licensed dealer shall not sell . . . any firearm to any person . . . unless the licensee records the transaction on a firearm transaction record, Form 4473."). Although being a permit holder would exempt an individual from the background check requirement, *see* 18 U.S.C. § 922(t)(3), the record is clear that the store's employee did not complete a new Form 4473 or document on the date of transaction that the individual was exempt from a background check. Because of the lack of appropriate documentation, there is no way to prove whether the individual purchasing a firearm presented his or her CCW permit, i.e., the NICS exempt document, on the date of purchase.[5] *See* [ECF No. 6-1, at 152]. This is not an innocuous mistake.[6] Form 4473 requires an individual—regardless of permit status—to declare prior to the firearm transfer, *inter alia*, that he or she is not under

---

[5] Petitioner later filed two affidavits, one of which asserts that an employee of Williamson Gun did recertify that one of the purchasers was a CCW permit holder. To the extent that Williamson Gun is attempting to create a dispute of material fact, it is unavailing. This fact that employees may have recertified the information on a previously executed Form 4473 is immaterial because it is undisputed that Williamson Gun did not execute a new Form 4473 as required by law.

[6] The importance of this requirement can be explained in a hypothetical. Say an individual completes Form 4473, shows his CCW permit, and purchases a firearm. The next day, the individual is deemed mentally incompetent and is institutionalized. Two days later, the individual gets released and goes to purchase another firearm at the same store. If he does not have to fill out a new Form 4473 before purchasing a firearm or show his CCW permit because he had just done so a few days before, then he could purchase that gun despite the fact that he had just been deemed mentally incompetent and legally could no longer do so.

indictment for a felony, is not a fugitive from justice, has not been involuntarily committed to a mental institution, and is not an unlawful user of narcotic drugs or marijuana. *See* [ECF No. 6-1, at 38–39 (showing a completed ATF Form 4473)]; *see also* 27 C.F.R. § 478.124 ("Prior to making an over-the-counter transfer of a firearm to [an individual], . . . the licensed dealer so transferring the firearm shall obtain a form 4473 from the transferee."). Williamson Gun's argument that it did not know that it could not add guns to previously completed forms is also unavailing as the record establishes that it had been educated about the requirements regarding Form 4473 in 2007, 2010, 2011, and 2018. [ECF No. 6-1, at 86–87, 94–97, 102–03, 204–07]. By failing to require some CCW permit holders to fill out a new Form 4473 before purchasing a firearm, Williamson Gun acted with a deliberate disregard for and a plain indifference to the requirements of the GCA. Thus, Williamson Gun willfully violated an applicable statutory or regulatory provision.

Although one uncontested violation suffices to uphold the ATF's revocation of an FFL, *see Am. Arms Int'l*, 563 F.3d at 86, I want to briefly discuss Petitioner's arguments regarding the fifth violation: the failure to timely and/or accurately record the disposition of firearms, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.125(e). The regulations require each licensed dealer to "enter into a record each receipt and disposition of firearms" and "the purchase or other acquisition of a firearm shall . . . be recorded not later than the close of the next business day following the date of such purchase or acquisition." 27 C.F.R. § 478.125(e). Williamson Gun asserts that the nine errors in the stores acquisition and disposition books amount to a less

10

than 1% error rate, and all nine guns were ultimately located, leaving none of the firearms unaccounted for. [ECF No. 11-3, at 2]. The willfulness standard leaves room for the occasional human error. *See Am. Arms Int'l*, 563 F.3d at 87. However, plain indifference to the law may still be found "even where nine times out of ten a licensee acts in accordance with the regulations, if he was plainly indifferent to the one-in-ten violation." *Id.*

There is no factual dispute that this violation occurred. *See* [ECF No. 6-1, at 162–65 (explaining the violation during the administrative hearing)]. Williamson Gun was also cited for this same violation in 2010 and 2018. *See id.* at 96 ("Four firearms in the physical inventory were not documented as acquisitions" and "[t]welve firearms shown as open dispositions in the A&D record were not found in the physical inventory."); *id.* at 104 ("The licensee failed to record the disposition of 16 firearms and two (2) of those firearms remain unaccounted for. . . . Also, two (2) firearms were logged out when in inventory. In addition, one (1) serial number was not recorded and 10 were recorded incorrectly."). Again, the ATF reminded Williamson Gun after these prior instances that future violations "could be viewed as willful and may result in the revocation of your license." *Id.* at 102. Despite these warnings, Williamson Gun continued to make these acquisition and disposition recording errors throughout the years, "display[ing] a lack of concern for the regulations." *See Am. Arms Int'l*, 563 F.3d at 87. This clear pattern failing to accurately record the acquisition and disposition of firearms amounts to a willful violation of the GCA under the standard set out by the Fourth Circuit. *See Gladden v. Bangs*, No. 2:11cv378, 2012 WL 604027,

11

at *4 (E.D. Va. Feb. 23, 2012) (stating that continuous and repeated errors allow a court to "infer *as a matter of law* that [a] licensee has disregarded the legal requirements" of the GCA) (emphasis in original). Thus, after conducting a de novo review of the record, the court is satisfied that there are no genuine disputes of material fact as to the willfulness of Williamson Gun's violations of the law. Despite repeated warnings, Williamson Gun continued to act with plain indifference to and a deliberate disregard for the GCA and its regulations.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Summary Judgment, [ECF No. 11], is **DENIED**, and Respondent's Motion for Summary Judgment, [ECF No. 13], is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 8, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE